IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN BAKER, # 490323, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-00435 |
| | ) | |
| A.W. CARTER, *et al.*, | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Baker filed a pro se Complaint alleging violations of his civil rights while he was incarcerated at Trousdale Turner Correction Center. (Doc. No. 1). The case is before the Court for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.  MOTION TO AMEND

On August 14, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Doc. No. 12). He seeks to amend his complaint to drop all claims against Defendant A.W. Carter. (*Id.*) "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court finds that Defendant Carter may be dropped on just terms. Plaintiff's request to drop all claims against Defendant Carter will be granted, and those claims will be dismissed without prejudice.

A complaint "must contain . . . a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). The Proposed Amended Complaint attached to Plaintiff's motion (Doc. No. 12-1) does not identify any Defendants or request any relief. Instead, it merely restates allegations made in the original Complaint, while omitting those related to Defendant Carter. (*Compare* Doc. No. 12-1

1

at 1−5, *with* Doc. No. 1 at 9−13). Because the Proposed Amended Complaint does not comply with Rule 8(a)(3), the Motion for Leave to File an Amended Complaint (Doc. No. 12) will be denied.

## II. SCREENING STANDARDS

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## III. ALLEGATIONS AND CLAIMS

Plaintiff alleges that he was assaulted and stabbed by gang members on April 12, 2024. (Doc. No. 1 at 6). After the attack, Plaintiff requested protective custody, but Defendant Crawford did not approve the request. (*Id.* at 7).

On April 22, 2024, Plaintiff was served a disciplinary charge for refusing cell assignment. (*Id.*). Plaintiff requested various witnesses, but they were not called. (*Id.* at 8). Plaintiff was found

2

guilty and ordered to 20 days in segregation. (*Id.*) Defendant Vantrell denied Plaintiff's appeal. (*Id.*)

On May 10, 2024, two non-Defendant officers told Plaintiff that he could remain in segregation or he could be sent to a "chronic care" general population housing unit, but he would not be assigned to protective custody. (*Id.* at 9). Plaintiff accepted the transfer out of segregation that day. (*Id.*)

On June 4, 2024, Plaintiff's cellmate climbed into bed with him, threatened him with a knife, and demanded to have sex with him. (*Id.*) Plaintiff escaped his cell. (*Id.*) Shortly after, gang members told Plaintiff that Plaintiff's cellmate was under their protection and that Plaintiff now owed them money for fighting with the cellmate. (*Id.* at 9−10). When Plaintiff told Defendants Moore and Jameson about the attempted sexual assault, they laughed at him and told him that Plaintiff was "not bringing down [their] [homosexual] community." (*Id.* at 10). Defendants Moore and Jameson escorted Plaintiff to speak with a mental health provider, but while Plaintiff was speaking with the provider, Moore and Jameson called Plaintiff names and then escorted him to segregation. (*Id.*).

Several weeks later, Defendant Crawford informed Plaintiff that Trousdale Turner does not house protective custody inmates. (*Id.* at 11). She also called Plaintiff a crude name. (*Id.*)

On August 27, 2024, Plaintiff's family appeared on a local television station "telling [Plaintiff's] story during interview of [Plaintiff] being repeatedly assaulted and how Trousdale officials deliberately ignore many incidents." (*Id.*) A few days later, Defendant Smith arrived at Plaintiff's cell "searching and threatening [him]." (*Id.*) Smith told Plaintiff "to tell [his] family to shut their mouths." (*Id.*)

3

Case 3:25-cv-00435    Document 14    Filed 03/11/26    Page 3 of 7 PageID #: 87

On March 27, 2025, Plaintiff met with two Tennessee Bureau of Investigation agents to discuss his allegations. (*Id.* at 12). The next day, Defendant Jameson asked Plaintiff questions about the interview and asked to "see the papers" from the interview and told Plaintiff "to stop lying on his name." (*Id.* at 13).

Plaintiff alleges that Defendants Crawford, Moore, and Jameson failed to protect him from assaults by other prisoners, Defendants Smith and Jameson retaliated against him in violation of the First Amendment, and Defendant Vantrell denied his disciplinary appeal in violation of due process. (*Id.* at 14−15). He seeks declaratory relief, injunctive relief, and damages. (*Id.* at 16−17).

## IV. ANALYSIS

Plaintiff has failed to state a claim upon which relief may be granted. The Court will address each set of claims in turn.

### A. Failure to Protect

"[P]rison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quotation marks omitted). "For a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) 'objectively,' he was 'incarcerated under conditions posing a substantial risk of serious harm' and (2) the official acted with 'deliberate indifference' to inmate safety, meaning the official was 'subjectively aware of the risk' and 'failed to take reasonable measures to abate it.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 833−34 (1994)) (brackets and citations omitted).

Here, Plaintiff asserts that Defendants failed to protect him from the attempted sexual assault by his cellmate in June 2024.[1] However, he has not alleged facts from which the Court may reasonably infer either element his failure-to-protect claim.

First, Plaintiff has not alleged facts from which the Court may infer that his cell assignment constituted an objectively dangerous condition. Indeed, aside from the attack on June 4, 2024, Plaintiff alleges no facts indicating that his cellmate was a danger to Plaintiff or anyone else.

Even if Plaintiff's cell assignment was objectively dangerous, he has not alleged facts from which the Court may infer that any Defendant was subjectively aware of the risk and failed to take reasonable abatement measures. At most, Plaintiff alleges facts from which the Court may infer that Defendant Crawford knew Plaintiff had been the victim of a gang attack in April 2024 and wanted protective custody assignment because he feared further gang attacks. (*See* Doc. No. 1 at 7). But Plaintiff does not allege that his cellmate was a gang member or that any Defendant had any other reason to believe Plaintiff faced a substantial risk of harm from his cellmate.

Accordingly, Plaintiff has failed to state a failure-to-protect claim upon which relief may be granted.

**B. Retaliation**

To state a First Amendment retaliation claim, Plaintiff must allege facts to satisfy three elements: "*First*, that he engaged in protected conduct. *Second*, that [Defendant] took an adverse action against him. And *third*, that the adverse action was taken (at least in part) because of the

---

[1] To the extent Plaintiff alleges that any Defendant failed to protect him from further attacks after the June 2024 incident, he has failed to state a claim upon which relief may be granted, because he does not allege that any further attack took place. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("[P]laintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence."). All claims for injunctive or declaratory relief will be dismissed as moot, because Plaintiff has been transferred to another facility. *Id.*

protected conduct." *Hardrick v. Huss*, 155 F.4th 518, 525 (6th Cir. 2025) (citations and quotation marks omitted).

Here, Plaintiff asserts that "[t]he refusal of Defendants Smith and Jameson to provide protection to me as a result of me having reported complaints against prison staff constituted retaliation." (Doc. No. 1 at 14). However, Plaintiff does not allege any instance of Defendant Smith or Defendant Jameson failing to protect him. Indeed, Plaintiff does not allege that Defendant Smith or Defendant Jameson was aware of any potential attack, such that Plaintiff would need protection. Nor does Plaintiff allege facts from which the Court may reasonably infer that any failure to protect was a result of Plaintiff's complaints about prison staff. Indeed, Plaintiff does not allege that he complained about prison staff until after the attack by his cellmate.

Accordingly, Plaintiff has failed to state a First Amendment retaliation claim upon which relief may be granted.[2]

### C. Due Process

"The Fourteenth Amendment prohibits any State from depriving a person of life, liberty, or property without due process of law." *Meachum v. Fano*, 427 U.S. 215, 223 (1976). "A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered." *McMillan v. Fielding*, 136 Fed. Appx. 818, 820 (6th Cir. 2005). In the prison context, an incarcerated person has a protected liberty interest, and therefore a right to due process, when facing additional punishment that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

---

[2] Plaintiff does not purport to raise a First Amendment retaliation claim based on his interaction with Defendant Smith after Plaintiff's family appeared on the local news.

6

Here, Plaintiff asserts that Defendant Vantrell denied him due process in denying his disciplinary appeal. (Doc. No. 1 at 15). However, the Complaint does not allege facts from which the Court may reasonably infer that Plaintiff's disciplinary conviction and the accompanying punishment resulted in "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Plaintiff alleges that he was sentenced to "twenty days in punitive segregation." (Doc. No. 1 at 8). However, the Supreme Court has held that a similar term of punitive segregation, without more, does not infringe upon a protected liberty interest. *Sandin*, 515 U.S. at 486 (30-day term in disciplinary segregation). Accordingly, Plaintiff has failed to state a due process claim upon which relief may be granted.

## V. CONCLUSION

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 12) is **DENIED**. His request to drop all claims against Defendant Carter is **GRANTED**. All claims against Defendant Carter are **DISMISSED** without prejudice.

All claims for injunctive or declaratory relief are **DISMISSED** as moot. All other claims are **DISMISSED** for failure to state a claim upon which relief may be granted.

Plaintiff's Motion to Appoint Counsel (Doc. No. 8) is **DENIED** as moot.

This is the final Order in this action. The Clerk **SHALL** enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE